U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2006 AUG 30 PM 3:21

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:06-CR-93 |
| | ) |
| DSM HOLDINGS, INC., | ) |
| Defendant | ) |

### PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, DSM HOLDINGS, INC., agree to the following in regard to the disposition of a pending criminal investigation involving DSM HOLDINGS, INC..

1. DSM HOLDINGS, INC. agrees to waive its right to proceed by Indictment and plead guilty to an Information charging it with one count of conspiracy to structure currency transactions, in violation of 18 U.S.C. § 371, as described in the attached information.

2. DSM HOLDINGS, INC. understands, agrees and has had explained to it by counsel that the Court may impose the following sentence on his plea: not more than/up to 5 years of probation; not more than a $500,000 fine; and a $200 special assessment. Full restitution may also be ordered.

3. It is the understanding of the parties to this agreement that the plea will be entered under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The defendant represents that it intends to plead guilty because it is, in fact, guilty of the crime with which it is

1

charged.

4. DSM HOLDINGS, INC. agrees and understands that this agreement is conditioned upon its providing the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order made payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $200 for which it will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to DSM HOLDINGS, INC. In the event that the tendered bank check is not honored for whatever reason, the defendant understands that it will still be liable for the amount of the special assessment which the Court imposes. DSM HOLDINGS, INC. understands and agrees that, if it fails to pay the special assessment in full prior to sentencing, the United States' obligations under this plea agreement will be terminated, the United States will have the right to prosecute DSM HOLDINGS, INC. for any other offenses he may have committed, and will have the right to recommend the Court impose any lawful sentence. Under such circumstances, DSM HOLDINGS, INC. will have no right to withdraw its plea of guilty.

5. DSM HOLDINGS, INC. agrees and understands that it is a condition of this agreement that it refrain from committing any further crimes whether federal, state or local.

6. The United States agrees that in the event that DSM HOLDINGS, INC. fully and completely abides by all conditions of this agreement, the United States will:

    (a)    not prosecute it or any of its agents, owners or employees in the District of Vermont for any other criminal offenses known to the United States Attorney's Office as of the

date of the signing of this plea agreement committed by him in the District of Vermont relative to the acceptance of currency from Ronald Aldrich or his family members in 2001 and 2002; and

(b) In light of the cooperation of DSM HOLDING agents in the prosecution of Ronald Aldrich, the United States will move for a departure from the guidelines fine range pursuant to U.S.S.G. §8C4.1.

7. The United States and DSM HOLDINGS, INC. agree pursuant to Fed. R. Crim. P. 11(c)(1)(B) that the appropriate fine after the departure is $25,000. Moreover, DSM HOLDINGS agrees to pay that fine on the date of sentencing.

8 If the United States determines, in its sole discretion, that the defendant has committed any offense after the date of this agreement, or violated any condition of release, or has failed to cooperate fully with the Probation Office, or has failed to pay the fine timely, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraph 6 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses it may have committed in the District of Vermont. The defendant understands and agrees that, under such circumstances, it will have no right to withdraw his previously entered plea of guilty.

8. DSM HOLDINGS, INC. fully understands that the sentence to be imposed on it is within the sole discretion of the Court. The defendant may not withdraw its plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The

United States does not make any promises or representations as to what sentence DSM HOLDINGS, INC. will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

9. Further DSM HOLDINGS, INC. fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court and fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. Thus, the defendant expressly acknowledges that in the event that any estimates or predictions by its attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

10. It is further understood and agreed by the parties that should the defendant's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible. If the plea is withdrawn or vacated on motion of the defendant, the defendant herein expressly agrees that the entire period of time that elapses between the signing of this agreement and the withdrawal or vacatur of the plea shall be disregarded in calculating whether

4

the prosecution of any charges is timely under the applicable statute of limitations. The defendant also expressly agrees to waive any defense to the reprosecution of charges that he might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

11. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

12. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement.

13. DSM HOLDINGS, INC. agrees that it will provide a copy of any financial affidavit prepared during the course of the Probation Office's presentence investigation to the United States at the same time that it is provided to the Probation Office. In addition, it specifically hereby authorizes the Probation Office to provide the United States a copy of any and all financial affidavits submitted to it by the corporation.

14. In voluntarily pleading guilty to the charges in the Information, DSM HOLDINGS, INC. acknowledges that it understands the nature of the charges to which the plea is offered. It also acknowledges that it has the right to plead not guilty or to persist in a plea of not guilty; that it has the right to be tried by a jury; that it has the right to be represented by counsel - and if necessary have the court appoint counsel- at trial and at every other stage of the proceeding; that at trial it has the right to confront and cross-examine adverse witnesses; that it has the right to be protected from compelled self-incrimination; that it has the right to testify and present evidence and to compel the attendance of witnesses; that if a plea of guilty is accepted by the Court, there will be no further trial

of any kind, so that by pleading guilty it waives the right to a trial and the other rights enumerated here.

15. DSM HOLDINGS, INC. expressly states that it makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Andrew Safranko, Esq. DSM HOLDINGS, INC. further states that its plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, DSM HOLDINGS, INC. expressly states that it is fully satisfied with the representation provided to it by its attorney, Andrew Safranko, Esq., and has had full opportunity to consult with its attorney concerning this agreement, concerning the applicability and impact of the sentencing guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

16. No agreements have been made by the parties or their counsel other than those contained herein.

17. It is agreed that a copy of this agreement shall be filed with the Court before the time of the defendant's change of plea.

Dated at Burlington, in the District of Vermont, this 29th day of ~~May~~ August, 2006.

UNITED STATES OF AMERICA

David V. Kirby
United States Attorney

By: *[signature]*
PAUL J. VAN DE GRAAF
Assistant U.S. Attorney

8/17/06
DATE

*[signature]*
DSM HOLDINGS, INC.
DEFENDANT, by its duly authorized representative

I have read, fully reviewed and explained this agreement to my client, DSM HOLDINGS, INC., and I hereby approve of it.

8/24/06
DATE

*[signature]*
Andrew Safranko
Counsel for the Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:06-CR-93 |
| | ) |
| DSM HOLDINGS, INC. | ) |

CERTIFICATE OF SERVICE

I, Karen A. Arena-Leene, Legal Assistant for the United States Attorney's Office for the District of Vermont, do hereby certify that I have served a copy of the foregoing **INFORMATION** and **PLEA AGREEMENT** on the Defendant by mailing a copy, via U.S. Mail, to:

> Andrew R. Safranko, Esq.
> O'Connell and Aronowitz
> 54 State Street
> Albany, NY 12207-2501

counsel for the defendant, this day, August 30, 2006.

*Karen Arena-Leene*
KAREN A. ARENA-LEENE
Legal Assistant
U.S. Attorney's Office
P.O. Box 570
Burlington, VT 05402